IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE E. PEREZ-PIÑEIRO<br>Plaintiff<br>vs<br>COOPERATIVA DE AHORRO Y CREDITO DE ISABELA<br>Defendant | CIVIL 06-1762CCC |

**O R D E R**

Before the Court is defendant Cooperativa de Ahorro y Crédito de Isabela's Motion for Summary Judgment (**docket entry 29**) seeking summary disposition of the entire complaint, that is, the American with Disabilities Act (ADA) claim, the Title VII retaliation claim, the Consolidated Omnibus Budget Reconciliation Act (COBRA) claim, and supplemental state law claims. Defendant's discussion regarding the ADA claim is focused on establishing that plaintiff's impairment is not a disability as defined by the ADA. The medical evidence is analyzed within the definition of disability pursuant to 42 U.S.C. §12102(2)(A) in support of the conclusion that plaintiff only had a transitory medical condition without any prior history of mental impairment or limitation of any major life activity. Confronted with this challenge, plaintiff has produced insufficient evidence that his depression substantially limits him in one or more of the major life activities claimed by him, that is: sleeping, eating, walking, sexual or reproductive activities, ability to relate to others, and self-care. The evidence reflects that for the first time he received psychiatric treatment beginning in January 2006 for a severe depression and that as part of that treatment he was an outpatient at San Juan Capestrano partial program from January 25, 2006 until February 3, 2006. Two weeks before, psychiatrist María Rodríguez-Rosario had recommended rest from January 18, 2006 until January 24, 2006. A certification from this psychiatrist shows that he was evaluated by her on March 1, 2006 and that he had appointments every eight weeks. This certification does not include any clinical findings or duration of clinical

CIVIL 06-1762CCC                              2

treatments. He was subsequently hospitalized at San Juan Capestrano and treated for depression from March 10 to March 17, 2006. He also received treatment from psychiatrist Roberto Coira, whose progress notes are dated February 6, March 7, March 27 and March 31, 2006. He reported findings of anxiety, depression, poor concentration, panic attacks, no suicidal or homicidal ideation, auditory or visual hallucinations. Dr. Coira's observations relate the condition to work stress, commenting that plaintiff felt harassed at work and had been terminated. Medications were prescribed during those March 2006 visits to Dr. Coira. There is no other evidence of psychiatric treatment until December 14, 2006 when he was seen at the Ponce School of Medicine and prescribed medication. This institution performed a psychiatric evaluation on such date reporting the following findings: mild psychomotor retardation, sad affect, logical coherent, moderate response to treatment and no suicidal ideas or visual or auditory hallucinations. The only other medical evidence is a physician's progress note prepared at the Ponce School of Medicine on February 9, 2007 where the following observations are made: he was found to be cooperative, calm, euthymic mood, appropriate affect, normal speech, no cognitive difficulties, intact thought process, no suicidal or homicidal ideas, improved and stable.

The evidence on record reflects that his depressive disorder is not of such severity or duration, having been adequately treated through medication, to come within the protection of the ADA provisions. The evidence shows that this condition arose and lasted while he was under the stress of a work-related situation. Accordingly, the Court concludes as a matter of law that plaintiff's mental impairment is not a disability as defined in §12102(2)(A) since there is no evidence that it substantially limits any of the major life activities claimed by him to have been impaired.

Plaintiff has an alternative claim under 42 U.S.C. §12102(2)(C) which defines disability as being regarded as having such an impairment. Defendant did not seek summary disposition of the 42 U.S.C. §12102(2)(C) claim, although the complaint sets forth allegations

CIVIL 06-1762CCC                                                         3

in support of a perceived disability claim, to wit allegations 29 through 32.  These allegations are supported in plaintiff's opposition to summary judgment (docket entry 33) by way of his sworn statement, ¶¶ 68, 69, 70 & 77, Exhibit 2, where he avers that defendant's officers made derogatory comments because of his mental condition referring to him as being nuts, that he could not work and should resign due to the fact that he was crazy, that he looked stupid due to the medication that he was taking, that they did not want crazy people around, that they were going to discharge him because he was crazy and that if he continued requesting medical leave to receive treatment for his mental condition he was going to be terminated.  Given these circumstances, the ADA claim under §12102(2)(C) remains as a trial issue.

Regarding the Title VII retaliation claim, a careful reading of the motion for summary judgment, its opposition and the documents attached in support thereof convinces the Court that there are multiple issues of material fact that defeat summary disposition in favor of defendant, among others:  (1) the notice given by plaintiff to defendant that he would serve as a witness for co-workers who had filed EEOC charges against it, (2) the legitimate business reasons adduced by defendant in the sense that plaintiff's termination was based on officer Montalvo's good-faith belief that Pérez and other employees were engaged in concerted absenteeism and lies in order to sabotage business operations and take revenge for losing the union elections, a belief disputed by the authorized medical absences, including hospitalization of plaintiff, during the time periods claimed by defendant to constitute concerted absenteeism, (3) as well as the alleged admissions made by plaintiff all contested in his sworn statement.

Finally, regarding an alleged COBRA claim included in plaintiff's complaint, we note that after several readings of the same we have been unable to locate it.  Both parties, however, refer to a COBRA claim set forth in the complaint.  Defendant's position is that they notified plaintiff three times concerning his rights under that statute, while plaintiff has

CIVIL 06-1762CCC                              4

asserted in his sworn statement that he was never notified of such extended coverage nor did he reject his COBRA rights after termination. The materials submitted by defendant in support of dismissal create by themselves a controversy as to a material fact of whether or not there was notification to plaintiff. The only letter on the matter is an August 8, 2006 letter from María Magdalena Santiago on notification of his rights under COBRA which she stated under penalty of perjury was sent by certified mail, return receipt requested. See Statement Under Penalty of Perjury of María Magdalena Santiago, Exhibit VII of the motion for summary judgment. Defendant has not submitted the return receipt form as proof that there was notification by certified mail of the August 8, 2006 letter. The other written communication mentioned by defendant Santiago is an alleged March 23, 2006 letter. There is no evidence on record whatsoever of the existence of this letter other than her mere statement that she mailed it and no explanation has been provided for not submitting a copy of the same. Given these two deficiencies, the verbal notification allegedly given on COBRA rights has no probative value for purposes of summary disposition.

Accordingly, defendant's Motion for Summary Judgment is DENIED in its entirety, except for plaintiff's ADA disability claim under 42 U.S.C. §12102(2)(A) as to which partial summary judgment shall be entered.

SO ORDERED.

At San Juan, Puerto Rico, on October 18, 2007.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge